UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN AGUILAR-CORTEZ,<br><br>        Petitioner,<br><br>        v.<br><br>WARDEN,<br><br>        Respondent. | Case No. CV 18-8154-ODW (SP)<br><br>**MEMORANDUM AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

## I.

## **INTRODUCTION**

On September 20, 2018, petitioner Juan Aguilar-Cortez filed a Petition for a Writ of Habeas Corpus ("Petition") in this Court pursuant to 28 U.S.C. § 2241. At the time of filing, petitioner was housed at the Federal Correctional Institution I in Victorville, California, where he is serving a life sentence imposed by the United States District Court for the Eastern District of California in 1996 following his convictions for conspiracy to distribute methamphetamine (21 U.S.C. §§ 846 and 841(a)(1)), possession with intent to distribute methamphetamine and marijuana (21 U.S.C. § 841(a)(1)), and being a felon in possession of a firearm (18

1

U.S.C. § 922(g)(1)).

Petitioner contests the legality of his detention by arguing that, under the United States Supreme Court's decision in *Sessions v. Dimaya*, __ U.S. __, 138 S. Ct. 1204, 200 L. Ed. 2d 549 (2018), his sentence was enhanced under a clause of the federal criminal code that is unconstitutionally vague.

On October 5, 2018, this Court issued an Order directing petitioner to show cause why the Petition should not be recharacterized as a 28 U.S.C. § 2255 motion and dismissed as filed in the wrong jurisdiction, as an improper successive § 2255 motion, and as time-barred ("OSC"). On October 12, 2018, petitioner responded to the OSC ("Response"). In his Response, petitioner argues the Petition should not be recharacterized as a § 2255 motion because petitioner qualifies under § 2255's savings clause to file a § 2241 petition. *See* 28 U.S.C. § 2255(e). The Court disagrees.

For the reasons that follow, this Court lacks jurisdiction to entertain the Petition, and transfer to another court would not be in the interest of justice because the Petition is successive and time-barred. Consequently, the Court summarily dismisses the Petition with prejudice.

## II.

## **PROCEDURAL HISTORY**[1]

On June 5, 1996, petitioner was found guilty by a jury of conspiracy to distribute methamphetamine (21 U.S.C. §§ 846 and 841(a)(1)), possession with intent to distribute methamphetamine and marijuana (21 U.S.C. § 841(a)(1)), and being a felon in possession of a firearm (18 U.S.C. § 922(g)(1)) in case number 2:95-CR-00020 in the United States District Court for the Eastern District of

---

[1] The Court adopts and sets forth below the procedural history recounted by this Court in its dismissal order in *Aguilar-Cortez v. Entzel*, case number CV 17-1190-ODW (SP), docket no. 6.

2

California. On November 4, 1996, petitioner was sentenced to a mandatory term of life imprisonment under 21 U.S.C. § 841(b)(1)(A), based on the amount of methamphetamine involved in his crime of conviction, and based on his three prior felony drug convictions as set forth in the information filed under 21 U.S.C. § 851. Petitioner appealed the judgment, and the Ninth Circuit Court of Appeals affirmed it on September 29, 1997.

Petitioner filed his first motion collaterally attacking his convictions and sentence under 28 U.S.C. § 2255 on December 30, 1998, in the Eastern District of California. That motion was denied on January 25, 2001.

Petitioner then filed a motion for reconsideration on February 14, 2001, which was construed as a second § 2255 motion and transferred to the Ninth Circuit. On July 16, 2001, the Ninth Circuit denied petitioner authorization to file a second or successive § 2255 motion.

On January 6, 2005, petitioner filed an application to reopen his § 2255 motion pursuant to Federal Rule of Civil Procedure 60(b), which the Eastern District of California construed as a third § 2255 motion and again transferred to the Ninth Circuit. On March 30, 2005, the Ninth Circuit again denied petitioner authorization to file a second or successive § 2255 motion.

On December 15, 2006, petitioner moved to void the judgment, also pursuant to Rule 60(b). The Eastern District of California construed this as a fourth § 2255 motion and, on May 4, 2007, transferred it to the Ninth Circuit.

On November 24, 2014, petitioner moved to reduce his sentence under 18 U.S.C. § 3582(c)(2), which motion the Eastern District of California denied on February 11, 2016. Meanwhile, on July 2, 2015, petitioner filed a fifth § 2255 motion in the Eastern District of California, which that court denied on February 16, 2016.

On February 14, 2017, petitioner filed a § 2241 petition in this Court, in case

number CV 17-1190-ODW (SP). The Court construed this petition as a sixth § 2255 motion and dismissed it on March 31, 2017.

Petitioner filed the instant § 2241 Petition in this Court on September 20, 2018. On October 5, 2018, the Court issued an OSC directing petitioner to show cause why the Petition should not be recharacterized as a § 2255 motion and dismissed as filed in the wrong jurisdiction, as an improper successive § 2255 motion, and as time-barred. On October 12, 2018, petitioner filed his Response to the OSC.

### III.
### DISCUSSION

With the instant Petition, petitioner seeks to attack the legality of his sentence. Section 2255 allows a federal prisoner claiming that his sentence was imposed "in violation of the Constitution or laws of the United States" to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As noted above, petitioner contests the legality of his detention by arguing that, under the United States Supreme Court's decision in *Dimaya*, his sentence was enhanced under a clause that is impermissibly vague. Pet. at 3.

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam); *see Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."). A prisoner may not bring a second or successive § 2255 motion in district court without first seeking and obtaining certification from "a panel of the appropriate court of appeals." 28 U.S.C.

4

§ 2255(h); *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008). Only the sentencing court has jurisdiction over a § 2255 motion. *Hernandez,* 204 F.3d at 864; *Tripati v. Henman*, 843 F.2d 1160, 1163 (9th Cir. 1988).

Here, petitioner challenges the legality of his sentence. Thus, the relief petitioner seeks here can only be obtained by way of a § 2255 motion filed in the United States District Court for the Eastern District of California. As noted above, petitioner has previously filed several § 2255 motions in the Eastern District of California, and petitioner has not received permission to bring a second or successive § 2255 motion. Indeed, he was denied such permission by the Ninth Circuit Court of Appeals on July 16, 2001 and again on March 30, 2005.

There is an exception – a "savings clause" or "escape hatch" – to the general rule that claims such as those petitioner raises here must be brought in a § 2255 motion. *See Harrison*, 519 F.3d at 956; *Hernandez*, 204 F.3d at 864 n.2. A federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Petitioner contends he falls under the savings clause in his Response to the Court's October 5, 2018 OSC.

A.  **The Petition Does Not Qualify for § 2255(e)'s Savings Clause**

The exception under § 2255(e) is "narrow" and will not apply "merely because § 2255's gatekeeping provisions," such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a § 2255 motion. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003); *see also Lorentsen*, 223 F.3d at 953 (ban on unauthorized successive petitions does not per se make § 2255 "inadequate or ineffective"); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion). A petition meets the savings clause criteria

of § 2255(e) "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison*, 519 F.3d at 959 (internal quotation marks and citation omitted). Petitioner here does not satisfy either of these criteria.

In his Petition, petitioner argues his sentence was enhanced under 18 U.S.C. § 16(b), which the United States Supreme Court found to be unconstitutionally vague in *Dimaya*. *See* Pet. at 3. Putting aside for the moment the fact that there is no indication § 16(b) played any role in petitioner's sentence, petitioner's claim here is in any event not one of actual innocence. "In this circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)." *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012) (internal quotation marks, brackets, and citation omitted). There, the Supreme Court held "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. The Ninth Circuit has "not yet resolved the question whether a petitioner may ever be actually innocent of a noncapital *sentence* for the purpose of qualifying for the escape hatch." *Marrero*, 682 F.3d at 1193.

Here, petitioner does not claim that he was actually innocent of his prior felony convictions, but that his sentence was enhanced using a clause – 18 U.S.C. § 16(b) – that the United States Supreme Court held is unconstitutionally vague. *See* Pet. at 3. According to petitioner, because of this change in law, he is serving an illegal sentence that must be vacated. *Id*. This legal argument is not a claim of actual innocence.

Moreover, petitioner fails to demonstrate, or even argue, that he lacked an "unobstructed procedural shot" to raise his claims on appeal or in a § 2255 motion. *See Harrison*, 519 F.3d at 960. To determine whether a petitioner never had an

"unobstructed procedural shot," a court considers "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Id.* (internal quotation marks and citation omitted).

The Ninth Circuit affirmed petitioner's convictions on appeal on September 29, 1997, and petitioner filed his first § 2255 motion on December 30, 1998, which was denied on January 25, 2001. *Dimaya* was decided by the United States Supreme Court on April 17, 2018. If the new rule articulated in *Dimaya* applied to petitioner's case, the legal basis for petitioner's claim would have arisen after he had exhausted his direct appeal and first § 2255 motion. But in fact, *Dimaya* has no actual relevance to petitioner's case.

In *Dimaya*, the United States Supreme Court held that 18 U.S.C. § 16(b), which defines a "crime of violence" as being "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," is void for vagueness. 138 S. Ct. at 1211, 1223. The Court noted that interpreting § 16(b) as incorporated into the Immigration and Nationality Act's ("INA") definition of "aggravated felony" requires an analysis of the risk that the "ordinary case" of such an offense poses. *Id.* at 1215. This categorical analysis, the Court noted, does not examine the facts underlying a conviction or the statutory elements of a crime, but asks whether the "ordinary case" of such an offense poses a substantial risk that physical force will be used in the commission of the offense. *Id.* at 1211. Because § 16(b) provides no reliable way for a court to determine what the "ordinary case" of an offense looks like, the Court held that § 16(b) is impermissibly vague and produces "more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* at 1216 (quoting *Johnson v. U.S.*, __ U.S.

__, 135 S. Ct. 2551, 2558, 192 L. Ed. 2d 569 (2015)).

In this case, there is no indication that the United States District Court for the Eastern District of California relied on 18 U.S.C. § 16(b) in petitioner's sentencing, and indeed, there would have been no reason to. Petitioner's sentence was enhanced under 21 U.S.C. § 851 based on the information filed about his three prior felony drug convictions. *See U.S. v. Cortez et al.*, No. 2:95-CR-00020 (E.D. Cal.), docket nos. 262, 268. Accordingly, *Dimaya* has no applicability to petitioner's case. Petitioner therefore cannot demonstrate he qualifies for the savings clause under § 2255(e).

## B. This Court Lacks Jurisdiction

Because petitioner does not qualify for § 2255(e)'s savings clause, petitioner may not pursue his claims in a § 2241 habeas petition, but may instead pursue his claims only in a § 2255 motion. *See* 28 U.S.C. § 2255(e). This raises the question of whether this Court should recharacterize the Petition as a § 2255 motion. There are restrictions on the Court doing so. *See U.S. v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000). But because, as discussed below, dismissal of the Petition rather than recharacterization is warranted here, the Court finds there is no need for it to go through the steps required by *Seesing*.

If the Petition were construed as a § 2255 motion, this Court would lack jurisdiction. As previously noted, only the sentencing court has jurisdiction over a § 2255 motion. *Hernandez*, 204 F.3d at 864-65; *Tripati*, 843 F.2d at 1163; *see* 28 U.S.C. § 2255(a); *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012) ("§ 2255 motions must be filed in the district where the petitioner was sentenced"). Since petitioner is seeking to challenge a sentence imposed by the United States District Court for the Eastern District of California, only that court has jurisdiction to entertain a § 2255 motion by petitioner.

The question then is whether the Court should dismiss the Petition for lack

8

of jurisdiction or transfer it to the Eastern District of California.

C. **The Petition Warrants Dismissal Rather Than Transfer**

As with petitioner's prior § 2241 petition filed in this Court, recharacterizing the Petition as a § 2255 motion and transferring it to the Eastern District of California would not be in the interest of justice because such a reconstrued motion would clearly be successive and therefore barred by 28 U.S.C. §§ 2255(e) and (h). Furthermore, given that the Ninth Circuit denied petitioner's appeal and affirmed his convictions on September 29, 1997, the instant Petition is time-barred because it was filed well after the one-year period to bring a § 2255 motion expired. *See* 28 U.S.C. § 2255(f). Dismissal of the instant § 2241 Petition is therefore warranted.

## IV.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and this action with prejudice.

DATED: _December 26, 2018

_____
HONORABLE OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
United States Magistrate Judge